UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

SEEDS OF LEARNING, LLC,

        Plaintiff,

v.

CENTER FOR THE COLLABORATIVE
CLASSROOM,
        Defendant.

CIVIL ACTION NO. _____

**JURY TRIAL DEMANDED**

## <u>COMPLAINT</u>

Plaintiff Seeds of Learning, LLC ("Plaintiff" or "Seeds of Learning"), appearing through its undersigned counsel, alleges as follows:

### <u>NATURE OF ACTION AND JURISDICTION</u>

1. This is an action for trademark infringement and unfair competition, under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338(a) and (b).

3. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367 because Plaintiff's state law claims form part of the same case and controversy and arise from the same nucleus of facts as Plaintiff's Lanham Act claim and because they include a claim of unfair competition joined with a substantial and related claim under trademark laws.

4. This Court has personal jurisdiction over Defendant due to its business activities in this judicial district and because it has intentionally aimed its infringing activities and unfair competition at Seeds of Learning, which Defendant knows resides and is harmed in this district.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

6. Plaintiff is an Ohio limited liability company with a principal place of business at 16927 Detroit Avenue, Lakewood OH 44107.

7. On information and belief, Defendant Center for the Collaborative Classroom is a California corporation with a principal place of business at 1001 Marina Village Parkway, Suite 110, Alameda, California 94501.

## FACTS

### SEEDS OF LEARNING AND ITS TRADEMARKS

8. Tera Sumpter is an internationally recognized expert on speech pathology and executive functioning. Her 2021 book, *The Seeds of Learning: A Cognitive Processing Model for Speech, Language, Literacy, and Executive Functioning* has become essential reading for speech pathologists, teachers, and parents of children with disabilities.

9. On January 28, 2011, Ms. Sumpter formed Plaintiff Seeds of Learning, LLC and began offering speech pathology therapy services in an office located in Avon, Ohio using the trademark SEEDS OF LEARNING, LLC ("SEEDS OF LEARNING, LLC Mark").

10. Since 2011, Plaintiff has offered services to both independent clients as well as in cooperation with schools, including regularly offering teacher training sessions.

11. Plaintiff has advertised its therapy services online through Facebook via an account established March 27, 2011, through which it regularly shares content to educate speech and language professionals, teachers, and parents.

12. Between April 2011 and March 2013, Plaintiff maintained a blog located at SeedsOfLearningLLC.wordpress.com that provided education and mentoring in the field of

2

executive function, learning disabilities, literacy, special education and speech language pathology and reached professionals and parents throughout the United States and internationally.

13.     Plaintiff ordered business cards on May 11, 2011, brochures on June 5, 2011, and labels on June 24, 2011.  Additional labels and business cards were ordered on September 25, 2011.  These materials were distributed at Plaintiff's clinic, schools, and professional conferences. Each of these materials featured the SEEDS OF LEARNING, LLC Mark as well as the design mark shown below:



14.     Soon after opening for business, Plaintiff and its clients began regularly identifying Plaintiff's therapy services using SEEDS OF LEARNING as the shortened form of the SEEDS OF LEARNING, LLC Mark ("the SEEDS OF LEARNING Mark").

15.     In 2012, Plaintiff offered a summer reading clinic using the SEEDS OF LEARNING Mark.

16.     Starting in 2014, Tera Sumpter became an in-demand speaker at workshops, seminars, and conferences across the United States, using the SEEDS OF LEARNING, LLC Mark and SEEDS OF LEARNING Mark in connection with those services.

3

17.     Plaintiff commissioned and began using a design mark featuring the SEEDS OF LEARNING Mark in 2019, as shown below ("SEEDS OF LEARNING Design"):



18.     Plaintiff registered the domain name seedsoflearningllc.com on March 12, 2019 and has used the website to advertise professional education services since that time.  Currently, the SEEDS OF LEARNING website is found at www.terasumpter.com/seedsoflearning.

19.     Plaintiff advertised therapy services using the SEEDS OF LEARNING Mark through Instagram via accounts established April 2019 (terasumpter_slp) and July 2023 (seedsoflearning_byterasumpter).

20.     In July 2019, Plaintiff opened a clinic in Lakewood, Ohio and in May 2021, expanded with an additional clinic in Independence, Ohio.

21.     In April 2019, Plaintiff established an Instagram account (terasumpter_slp), as well as another Instagram account in July 2023 (seedsoflearning_byterasumpter), through which she disseminated similar content.

4

22.     Plaintiff also installed a sign at Plaintiff's clinic in 2019 featuring the SEEDS OF LEARNING Design, shown below:



23.     Plaintiff also uses the SEEDS OF LEARNING Mark in connection with podcasts, vlogs and webinars providing and promoting the services claimed in Class 041, including using the SEEDS OF LEARNING Design sign as a background during appearances, as shown in the above photograph.

24.     On July 8, 2021, Plaintiff launched a learning community via Mighty Networks at seeds-of-learning.mn.co, which grew to an online educational community of over 800 members in 33 countries.  Community members had access to SEEDS OF LEARNING education courses, webinars, and supporting resources.

25.     Prior to July 8, 2021, Plaintiff also provided materials in downloadable digital form to conference goers via the conference platform or via email to professionals and clients.

26.     In or around 2022, Plaintiff began offering professional education services through the Mighty Networks learning community platform to cohorts of participants in several groupings throughout the year.  Cohort members have access to education courses, webinars, and supporting resources.

27.     The SEEDS OF LEARNING Mark is inherently distinctive and serves to identify and indicate the source of Plaintiff's products and services to the consuming public.

28. The SEEDS OF LEARNING Mark has become distinctive in the marketplace to designate Plaintiff, to distinguish Plaintiff and its offerings from those of others, and to distinguish the source or origin of Plaintiff's offerings.

29. The consuming public in Ohio and elsewhere in the United States recognizes and associates the SEEDS OF LEARNING Mark with Plaintiff.

30. As a result of Plaintiff's long use and promotion of the SEEDS OF LEARNING Mark and, prior to that, the SEEDS OF LEARNING, LLC Mark, in interstate commerce, Plaintiff has acquired valuable common law rights in the SEEDS OF LEARNING Mark dating back to at least as early as 2011.

<strong>PLAINTIFF'S TRADEMARK REGISTRATION</strong>

31. On August 24, 2022, Plaintiff applied to register the SEEDS OF LEARNING Mark with the United States Patent and Trademark Office ("USPTO").

32. Plaintiff's registration issued as U.S. Registration No. 7,233,872 ("the '872 Registration") and covers

> International Class 009: Downloadable educational course materials in the field of executive function, learning disabilities, literacy, special education and speech language pathology; Downloadable educational materials, namely, printable workbooks, handouts and information sheets in the field of executive function, learning disabilities, literacy, special education and speech language pathology
>
> International Class 041: Continuing education services, namely, providing live and on-line continuing professional education seminars in the field of executive function, learning disabilities, literacy, special education and speech language pathology; Education services, namely, mentoring in the field of executive function, learning disabilities, literacy, special education and speech language pathology; Educational services, namely, providing continuing professional education courses in the field of executive function, learning disabilities, literacy, special education and speech language pathology; Providing information about education; Providing information about education via a website; Providing

6

information and news in the field of teaching methodology and education; Providing information in the field of education

International Class 044: Speech pathology therapy services

33. Although Plaintiff's then-attorney identified the first use date for the '872 Registration as at least as early as April 20, 2021, Plaintiff's priority in the SEEDS OF LEARNING Mark in connection with the claimed services goes back to 2011, as detailed above.

34. Plaintiff's '872 Registration is valid and subsisting. A true and correct copy of the '872 Registration is attached as **Exhibit A**.

## DEFENDANT AND ITS UNLAWFUL ACTIVITIES

35. On January 5, 2024, Defendant filed an application with the USPTO on an intent-to-use basis for the standard character trademark SEEDS OF LEARNING for which it currently identifies, in International Class 016, "Printed educational program and curriculum materials, namely, printed books, workbooks, teacher manuals, and pre-printed note cards in the field of social and academic development for children grades kindergarten through 6th grade" and, in International Class 041, "Educational services, namely, conducting educational programs in the field of social and academic development for children grades kindergarten through 6th grade and distribution of educational materials in connection therewith, namely, audiovisual media, books, workbooks, teacher manuals and pre-printed cards relating thereto."

36. Defendant's application was assigned Serial No. 98344361 ("the '361 Application").

37. On August 7, 2024, the USPTO examiner rejected the '361 Application under Section 2(d) of the Lanham Act, 15 U.S.C. §1052(d) because of a likelihood of confusion with Plaintiff's '872 Registration (the "August Office Action").

38.     On September 16, 2024, Defendant emailed Plaintiff's then-attorney for the '872 Registration, demanding that Plaintiff enter into a coexistence agreement allowing the '361 Application to proceed to registration.

39.     During the course of discussions between September 2024 and November 2024, Plaintiff provided extensive evidence, including evidence available from publicly accessible sources, demonstrating its continuous use of SEEDS OF LEARNING, LLC since 2011 and SEEDS OF LEARNING since 2012.

40.     During the September 2024 to November 2024 discussions, Defendant was unable to provide any evidence it used SEEDS OF LEARNING as a trademark predating Plaintiff's use.

41.     Nevertheless, on January 31, 2025, Defendant filed an administrative complaint with the Trademark Trial and Appeal Board ("TTAB") seeking to cancel Plaintiff's '872 Registration. The TTAB assigned the proceeding Cancellation No. 92087421 (the "Cancellation Action").

42.     Defendant alleged in the Cancellation Action that it owned prior rights to the trademark SEEDS OF LEARNING based on Defendant's alleged use of the mark "at least as early as May 2018, and likely at least as early as 2015."

43.     Defendant alleged in the Cancellation Action that Plaintiff's mark "is identical in sigh, sound, meaning and commercial impression" to Defendant's mark "and has the potential to be used in exactly the same fashion."

44.     Defendant alleged in the Cancellation Action that Plaintiff's '872 Registration "identifies goods and services similar to the services [Defendant] lists in [Defendant's '361 Application]."

8

45.     Defendant alleged in the Cancellation Action that "[t]he channels of trade associated with [Plaintiff's '872 Registration] overlap with the channels of trade" for Defendant.

46.     Defendant alleged in the Cancellation Action that "confusion resulting in damage and injury to [Defendant] will occur" if Plaintiff's '872 Registration was not cancelled because "[c]onsumers familiar with [Defendant's alleged mark] will most likely perceive [Plaintiff's] goods and services as being associated with, affiliated with, or sponsored by [Defendant]" and "[s]uch confusion will result in damage to [Defendant]."

47.     On February 6, 2025, Defendant responded to the August Office Action by amending its identification of goods and services, informing the examiner it had filed the Cancellation Action on the grounds of priority, and requesting the '361 Application be suspended pending the outcome of the Cancellation Action.

48.     Plaintiff answered the Cancellation Action on March 12, 2025, pleading it owned "superior common law rights to the phrase SEEDS OF LEARNING dating back to its first use of SEEDS OF LEARNING LLC as a trademark or substantial use analogous thereto in 2011, after which its services quickly became associated with the mark SEEDS OF LEARNING in the minds of the relevant purchasing public."

49.     Following the exchange of initial disclosures, Defendant did nothing to prosecute the Cancellation Action until it reached out to Plaintiff on August 26, 2025, weeks from the close of discovery on October 8, 2025, proposing a suspension of the TTAB deadlines to discuss settlement.

50.     On August 28, 2025, Plaintiff responded with a detailed proposal and consented to a 60-day suspension of deadlines.

9

51.     After hearing nothing from Defendant during the suspension period, Plaintiff followed up on November 5, 2025 and received a terse, two-sentence rejection of Plaintiff's proposal with no counter proposal or explanation.

52.     The next day, November 6, 2025, both parties served written discovery requests.

53.     Defendant's responses to written discovery claimed priority based on the 2015 formation of a Minnesota limited liability company using the name "SEEDS of Learning, LLC" and use of the phrase "SEEDS of Learning" in a 2015 publication.

54.     Defendant never produced evidence confirming its alleged use of "SEEDS of Learning" in a 2015 publication.

55.     Defendant never produced evidence demonstrating that it is the successor in interest to any common law trademark rights in the phrase SEEDS OF LEARNING.

56.     On January 14, 2026, about a week before its deadline to make pretrial disclosures in the Cancellation Action, Defendant requested a 60-day extension of trial deadlines.  Plaintiff did not consent to that request.

57.     Defendant's testimonial period opened February 6, 2026.

58.     On Sunday, February 15, 2026, Defendant served a Notice of Testimonial Deposition Upon Written Questions on Plaintiff but did not request that the Board suspend the proceeding.

59.     Plaintiff did not serve any cross-questions within the twenty-day period provided under 37 CFR  § 2.124(d)(1).

60.     On March 10, 2026, Plaintiff emailed Defendant regarding Defendant's failure to schedule Plaintiff's testimonial deposition.

10

61.     Defendant did not respond until March 13, 2026, when it requested a sixty-day suspension for the parties to discuss settlement or, alternatively, Plaintiff's availability for the deposition noticed almost a month earlier.

62.     Due to Defendant's failure to meaningfully participate in prior settlement discussions, Plaintiff declined to suspend the proceeding on March 16, 2026, and, instead, provided several potential dates for Plaintiff's deposition responses to be recorded.

63.     Defendant did not respond to that offer until March 20, 2026. By then, Plaintiff was no longer available on Defendant's proposed date but offered an alternate date.

64.     In response to Plaintiff informing Defendant of its unavailability, Defendant rejected the proposed alternate date and responded "[w]e will reach out to reschedule shortly" on March 26, 2026. Defendant never reached out again.

65.     Defendant's trial period ended March 8, 2026, with it failing to take testimony or identify any evidence.

66.     Plaintiff filed a motion to dismiss for failure to prosecute on April 6, 2026, to which Defendant failed to respond.

67.     The TTAB granted Plaintiff's motion to dismiss on May 8, 2026, denying Defendant's cancellation petition with prejudice.

68.     Because Defendant was asserting priority based on its alleged common law rights and Plaintiff was defending the Cancellation Action based on its own prior common law rights, the issue of priority before the TTAB necessarily involved marketplace usage by the respective parties and the uses before the TTAB are materially the same as the uses of SEEDS OF LEARNING before this Court.

69.     On June 1, 2026, the USPTO examiner issued a Final Action rejecting Defendant's '361 Application on the ground that it creates a likelihood of confusion with Plaintiff's '872 Registration.

70.     On June 11, 2026, Plaintiff emailed Defendant's counsel:

> I hope this finds you well. It appears that the Center for the Collaborative Classroom ("Center") continues to use the trademark SEEDS OF LEARNING. See https://www.collaborativeclassroom.org/professional-learning/seeds-of-learning/. It has been one month since the TTAB has entered an order denying the Center's cancellation petition with prejudice. Accordingly, my client would like to know when the Center will be ceasing use of the SEEDS OF LEARNING trademark? Obviously, your client will need to choose a new mark that sufficiently distances it from the SEEDS OF LEARNING trademark. My client is willing to allow a reasonable time for the Center to transition away from its use of the mark but will need an agreed timeline within which that will happen and an accounting of any physical inventory bearing the mark within your client's possession, custody, and/or control.
>
> Please advise of your client's suggested timeline by June 19, 2026.

71.     Defendant did not respond to Plaintiff's June 11, 2026 email by the June 19, 2026 deadline.

72.     On July 1, 2026, Plaintiff followed up, asking "[p]lease advise on the status of your client's position at your earliest convenience."

73.     Defendant did not respond to Plaintiff's July 1, 2026 follow up email.

74.     On July 30, 2026, Plaintiff again followed up, writing "I still have not received a response regarding the Center's ongoing infringement. Please confirm by EOD Friday, July 31, whether you represent the Center in connection with this matter so that I know whether I need to reach out to them directly."

75.     Defendant responded on July 30, 2026, writing:

12

We're not sure whether to be surprised or insulted by these continued requests: either you misapprehend what a default judgment in a cancellation proceeding means, or you believe we do. Either way, it's unprofessional. As you well know, a default judgment against our client in the referenced cancellation means your client's registration is not cancelled. Nothing more.

Our client has no intention of ceasing use of its mark. Our clients' respective marks have co-existed in the marketplace for a decade or longer, and according to your client's statements on the record, they had never experienced actual confusion between the marks, save perhaps a hazy, inchoate memory of a single phone call from a confused teacher sometime back in the 90s.

We continue to represent the Center. Do not contact them. Please do not contact us further unless you have actual matters to discuss.

76. Pursuant to *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. 138 (2015), "a court should give preclusive effect to TTAB decisions if the ordinary elements of issue preclusion are met."

77. The dismissal with prejudice by the TTAB of the Cancellation Action precludes Defendant's claim to own prior rights to use the SEEDS OF LEARNING Mark.

**DEFENDANT'S WILLFUL INFRINGEMENT**

78. Upon information and belief, Defendant first began using the phrase "SEEDS of Learning" ("Infringing Mark") in commerce in or around January 2024 without Plaintiff's authorization.

79. Upon information and belief, in 2025, Defendant began launching a range of product offerings bearing the Infringing Mark, including offering learning cohorts, learning kits, educator guides, and card sets.

80. Plaintiff's '872 Registration issued December 6, 2023 and a reasonably diligent search of the USPTO online records would have revealed Plaintiff's registration in January 2024.

13

81.     A reasonably diligent search of online Ohio Secretary of State records in January 2024 would have revealed Plaintiff's 2011 formation of Seeds of Learning, LLC.

82.     A reasonably diligent internet search in January 2024 would have revealed Plaintiff's public Facebook account established March 27, 2011 showing use of SEEDS OF LEARNING since 2011.

83.     Defendant's use of the phrase SEEDS OF LEARNING as a trademark began well after Plaintiff developed trademark rights in its SEEDS OF LEARNING, LLC Mark and SEEDS OF LEARNING Mark.

84.     Plaintiff has priority based on the '872 Registration and its common law rights in the SEEDS OF LEARNING, LLC Mark and SEEDS OF LEARNING Mark, which have been used in United States commerce for the past fifteen years.

85.     Defendant's continued use of the Infringing Mark in light of its own claims made pursuant to Federal Rule of Civil Procedure 11 that concurrent use by the parties creates a likelihood of confusion is willful infringement of Plaintiff's rights in and to the SEEDS OF LEARNING Mark.

86.     The relevant public has, in fact, confused the parties and/or their services.

### EFFECTS OF DEFENDANT'S UNLAWFUL ACTIVITIES

87.     Defendant's unauthorized use of the Infringing Mark is likely to cause confusion among consumers. Consumers are likely to perceive a connection or association as to the source, sponsorship, or affiliation of the parties' products and services, when in fact none exists, given the similarity of the parties' trademarks, trade channels, and consumer bases.

88.     Defendant's unauthorized use of the Infringing Mark falsely designates the origin of its products and services and falsely represents circumstances with respect to Defendant and its products and services.

14

89.     Defendant's unauthorized use of the Infringing Mark enables Defendant to trade on the goodwill built up at great labor and expense by Plaintiff over many years, and to gain acceptance for its goods and services not solely on its own merits, but on the reputation and goodwill of Plaintiff, its SEEDS OF LEARNING Mark, and its products and services.

90.     Defendant's unauthorized use of the Infringing Mark unjustly enriches Defendant at Plaintiff's expense. Defendant has been and continues to be unjustly enriched by obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its goodwill. Specifically, Defendant has taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the SEEDS OF LEARNING Mark developed and owned by Plaintiff, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business.

91.     Defendant's unauthorized use of the Infringing Mark removes from Plaintiff the ability to control the quality of products sold under the SEEDS OF LEARNING Mark. This places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

92.     Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

93.     Plaintiff repeats the allegations above as if fully set forth herein.

94.     The acts of Defendant complained of herein constitute infringement of Plaintiff's federally registered SEEDS OF LEARNING Mark in violation of 15 U.S.C. § 1114(1).

95.     On information and belief, Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of

15

Plaintiff's rights in the SEEDS OF LEARNING Mark and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the SEEDS OF LEARNING Mark. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

96. Plaintiff repeats the allegations as if fully set forth herein.

97. The Acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

98. Plaintiff has been damaged by Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

## COUNT III: OHIO DECEPTIVE TRADE PRACTICES ACT
### (O.R.C. 4165.02)

99. Plaintiff repeats the allegations as if fully set forth herein.

100. The acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

101. Plaintiff has been damaged by Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

102. Through the conduct detailed herein, Defendant engaged in unfair and deceptive trade practices. These include at least knowingly or recklessly (i) making false representation as

16

to the source, sponsorship, or approval of Defendant' goods by using Plaintiff's SEEDS OF LEARNING Mark; knowingly or recklessly making false representations as to Defendant's affiliation, connection, or association with Plaintiff by using Plaintiff's SEEDS OF LEARNING Mark; and knowingly or recklessly engaging in unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent acts or practices.

103.    Defendant's use of confusingly similar Infringing Mark began long after it became aware or should have been aware of Plaintiff's SEEDS OF LEARNING Mark.

104.    Defendant's unfair and deceptive trade practices occurred in the course of its business.

105.    Defendant's unfair and deceptive trade practices significantly impact the public as actual or potential consumers of the relevant goods.

106.    Defendant's unfair and deceptive trade practices injure Plaintiff's goodwill and trademark rights in its SEEDS OF LEARNING Mark. After learning of Plaintiff's objections to Defendant' use of the Infringing Mark and that survey evidence estimated an appreciable amount of consumer confusion would result from said use, Defendant consciously made the reckless decision to expand its use of the Infringing Mark and continues to willfully infringe the SEEDS OF LEARNING Mark.

107.    Plaintiff has been injured and is likely to suffer additional injury as a consequence of these unfair and deceptive trade practices by Defendant. This causes Plaintiff irreparable harm, for which Plaintiff has no adequate remedy at law.

108.    As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to recover Defendant's profits, the damages suffered by Plaintiff due to the deceptive trade practices of Defendant, and the attorneys' fees and costs to bring this action.

109.    Plaintiff is entitled under O.R.C. 4165.03 to an injunction that requires Defendant to stop use of the Infringing Mark and any other mark or design similar to the SEEDS OF LEARNING Mark.

## COUNT II: OHIO COIMMON LAW TRADEMARK INFRINGEMENT
### (Ohio Common Law)

110.    Plaintiff repeats the allegations as if fully set forth herein.

111.    The Acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Ohio common law.

112.    Plaintiff has been damaged by Defendant's acts of trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands that:

(a)    Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from designing, displaying, advertising, offering for sale, manufacturing, shipping, delivering, selling, or promoting any product that incorporates or is marketed in conjunction with the Infringing Mark, the SEEDS OF LEARNING Mark, and/or any other mark, name, or design confusingly similar to the SEEDS OF LEARNING Mark, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b)    Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and

18

destroy all products, packaging, signage, advertisements, internet postings and advertisements, and any other materials bearing or using the Infringing Mark, Plaintiff's SEEDS OF LEARNING Mark, and/or any other mark, name, or design that is confusingly similar to those marks, names, or designs;

(c)    Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(d)    Plaintiff recover all damages it has sustained as a result of Defendant's infringement, unfair competition, and deceptive trade practices, and that said damages be trebled;

e)    An accounting be directed to determine Defendant's profits resulting from Defendant's activities, and that such profits be paid over to Plaintiff;

f)    This case be deemed to be exceptional;

g)    Plaintiff recover its reasonable attorneys' fees;

h)    Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

i)    Plaintiff recover such other relief as the Court may find appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues triable by jury under Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated: August 4, 2026

*/s/ Christina J. Moser*
Christina J. Moser (74817)
Melissa M. Bilancini (98510)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
(216) 621-0200
cmoser@bakerlaw.com
mbilancini@bakerlaw.com

*Attorneys for Plaintiff Seeds of Learning, LLC*